Richard GREENHALGH, Plaintiff
and Respondent,

v.

Ben MITCHELL, Defendant
and Appellant.

No. 15305.

Supreme Court of Utah.

May 15, 1978.

Don Blackham of Blackham & Boley, Granger, for defendant and appellant.

Dave McMullin, Payson, for plaintiff and respondent.

ELLETT, Chief Justice:

Mitchell approached Greenhalgh and requested information about constructing a road from a highway to property that he owned. Greenhalgh told Mitchell to contact Eldon Greenhalgh as "Eldon could give him—do a better job more efficiently than I could with my equipment."

Mitchell contacted Eldon who constructed the roadway. Most of the road was on dry gravelly ground but a couple of wet places on the road needed gravel on them; and a discussion ensued between Eldon and Mitchell regarding the placement of gravel on the road. Mitchell claims that he said to put the gravel on the wet places only. Eldon, a relative and employee of the plaintiff, told the plaintiff that Mitchell wanted gravel on the entire road.

The plaintiff graveled the entire road and claims he placed 540 tons of crushed gravel on it; and, in addition, used his bulldozer for five hours in spreading the gravel on the road.

Mitchell claims that he never authorized the work and never dealt with the plaintiff and that he was overcharged. However, he gave a check to Eldon when the road was bladed for the amount stated and made it payable to the plaintiff. After the gravel was in place, he wrote the following letter (Exhibit 4) to the plaintiff:

Mr. Greenhalgh:

I was suprised [sic] when we received this bill for the gravel you hauled on our road. We hadn't intended for you to go ahead without consulting us on this large of a expenditure. We have been in the process of moving back to Utah and are presently located at Duchesne, Utah. The relocation has taken most of our money that we had intended to improve that property. I also appreciate you doing the

work and intended to pay you as soon as possible. I have some money owed to me that I hope to receive by the 1st of November. As soon as I receive this I will send you some. I may not be able to pay you all of it, but will pay the balance as soon as possible. Please do not do any more work on the road without hearing from me.

Ben Mitchell

Greenhalgh sued Mitchell for 540 tons of material at $2.00 per ton and five hours use of the bulldozer at $22.00 per hour, making a total of $1,190.00. After hearing the evidence, the trial court, sitting without a jury, made a memorandum decision as follows:

Exhibit 4 would appear to be determinative of this case. Plaintiff is granted judgment as prayed for.

The mathematics of the case create some justifiable confusion. The plaintiff testified that he bought gravel at $.65 per ton and hired trucks to deliver it. He also testified that the total cost to him was just under $2.00 per ton and that he let Mitchell have it at cost. He did not present any bills showing tonnage purchased but did testify that each load hauled contained eight buckets of material and that each bucket held three cubic yards. That would be 24 cubic yards per load. There were 18 loads which would amount to 432 cubic yards.

The testimony of a qualified civil engineer showed that this material weighed 2,800 pounds per cubic yard. The tonnage would be 605 tons if the estimate of the plaintiff was correct and not the 540 claimed. The engineer further testified that he measured the road and the gravel upon it; that the length was 1,280 feet; and of that distance, 75 feet had no gravel at all. He also testified that the average width of the gravel upon the road was twelve feet and the average depth of the gravel was 3.93 inches. The total yardage from this computation would be 175 cubic yards of gravel and at 2,800 pounds per yard, there would be 245.55 tons upon the road. The engineer testified that if 540 tons had been placed upon the road, the gravel would have been eight inches thick for the entire distance.

As against the measurements made by the engineer, Mr. Greenhalgh testified that he measured the length of the road and found it to be 1,584 feet long.

We think the court was justified in holding that Mr. Mitchell was obligated to pay for the gravel placed upon the road, but we do not think the evidence justifies a finding that there were 540 tons used for the job.

We think the preponderance of the evidence shows that the gravel was more nearly 250 tons than it was 540 tons, and that a new trial should be granted as to damages only unless the plaintiff will consent to a diminution of the award to $710.00.

The case is remanded to the trial court with directions to grant a new trial on the issue of damages unless the plaintiff elects to accept the remittitur by the court as set out above. No costs are awarded.

CROCKETT, MAUGHAN and HALL, JJ., concur.

WILKINS, J., concurs in result.